Henry Earl DUNCAN, Petitioner–
Appellant,

v.

Steven W. ORNOSKI, Respondent–
Appellee.

No. 05–99010.

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 26, 2007.

Submitted March 6, 2008.

Filed June 24, 2008.

See also, 528 F.3d 1222.

Richard C. Neuhoff, Mitchell Zimmer-man, Fenwick & West, LLP, San Francis-co, CA, for Petitioner–Appellant.

Scott A. Taryle, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: REINHARDT, GOULD, and PAEZ, Circuit Judges.

## MEMORANDUM *

Henry Earl Duncan appeals the district court's denial of his petition for a writ of habeas corpus. We partially reverse the district court's denial in a separate published opinion, filed concurrently herewith, in which we remand with instructions to grant the petition for habeas corpus with respect to Duncan's sentence and the jury's special findings. In that opinion, we hold that counsel's performance did not prejudice Duncan with respect to his conviction. In this memorandum disposition, we reject Duncan's remaining claims that challenge the constitutionality of that conviction and we therefore affirm the district court's denial of habeas relief with respect to Duncan's conviction for first-degree felony murder.

■ Duncan argues that his Sixth Amendment right to a jury drawn from a fair cross-section of the community was violated because the jury selection system used in Los Angeles County at the time of his trial resulted in the underrepresentation of African Americans in the jury venire. Defense counsel failed to timely object to the racial makeup of the jury prior to the swearing in of the panel as required by California law at the time of trial and, consequently, the claim is procedurally defaulted. See Vansickel v. White, 166 F.3d 953, 957 (9th Cir.1999).

Relatedly, Duncan argues that he received ineffective assistance of counsel when his lawyer, John Cheroske, failed to

timely object to the racial composition of the jury. Because the evidence of guilt was overwhelming, we cannot say that Duncan was prejudiced by counsel's performance. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Next, Duncan argues that he received ineffective assistance of counsel when Cheroske failed to use his peremptory challenges to strike three jurors who initially told the judge that they would always vote for death, but then revised their answers after the judge clarified the law to them. Additionally, Duncan argues that Cheroske rendered ineffective assistance of counsel when he did not ask the potential jurors if they could be racially impartial in a case involving the murder of a white woman by a black man. Even if Cheroske's performance was deficient with respect to jury selection, Duncan has not shown that it prejudiced his case or that there is a reasonable probability that the outcome of the trial would have been different with a different jury. Id.

■ Duncan also argues that his constitutional rights were violated because a juror may have read an article that quoted Cheroske stating that Host International had inadvertently hired employees with serious criminal backgrounds. He argues that this article would have led the juror to believe that Duncan had a serious criminal record. Even if the juror had read the article, it would not have prejudiced Duncan because the article suggests not that Duncan had a criminal record, but that other employees who were potential suspects in the case had criminal records. Thus, whatever juror misconduct may have occurred did not influence the outcome of

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the trial. *See United States v. Bagnariol,* 665 F.2d 877, 885 (9th Cir.1981) (per curiam) ("When finding reversible prejudice [in cases of juror misconduct], courts have described a direct and rational connection between the extrinsic material and a prejudicial jury conclusion, as distinguished from a connection that arises only by irrational reasoning.").

■ We also reject Duncan's prosecutorial misconduct claim and his related ineffective assistance of counsel claim for Cheroske's failure to object to the prosecutor's closing argument. In his guilt-phase closing argument, the prosecutor compared Duncan to Bengal tigers that look "like kittens" at the zoo, but are scary in "their natural habitat." While the prosecutor's remarks were certainly highly offensive and inappropriate, they did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (*quoting Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)) (internal quotation marks omitted). Nor does Cheroske's failure to object to the prosecutor's analogy undermine our confidence in the outcome of the trial. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

We need not reach Duncan's remaining claims as they pertain only to the penalty phase and our decision in the accompanying published opinion vacating Duncan's sentence renders those claims moot.

AFFIRMED IN PART.